Commonwealth *v*. Kent, Appellant.

Argued October 4, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

2

*Archibald M. Matthews,* for appellant.

*Thomas F. Lansberry,* District Attorney, for appellee.

PER CURIAM, December 11, 1946:

The appellant in this case was charged and convicted of the crime of robbery.

In this appeal he challenges the credibility of a commonwealth witness, who, at the trial, positively identified him as the perpetrator of the crime charged in the indictment. Considering the testimony of this witness in its entirety, we think the weight to be given it was for the consideration of the jury.

Complaint was made also to the refusal of an application for a change of venue. Under the second paragraph of section 1 of the Act of March 18, 1875, P. L. 30, 19 PS 551, the granting or refusal of a change of venue is addressed to the discretion of the trial judge. When, as here, no abuse of discretion appears such an application will not be reviewed and reversed by us: *Commonwealth v. Westley Allen,* 135 Pa. 483, 19 A. 957.

The appellant alleges further that the court erred in the refusal to permit examination of Ernest Osler, a commonwealth witness that he was prosecuted, charged with assault and battery and larceny; *Commonwealth v. Mueller,* 153 Pa. Superior Ct. 524, 34 A. 2d 321. It does not appear formally in the record that there was any proof, or offer to prove, that this witness had been convicted of a felony or misdemeanor in the nature of crimen falsi. In any event, the court's action was not prejudicial to the appellant, as the jury was already apprised of the fact that the witness had been incarcer-

ated in jail and furthermore, his credibility had been attacked on the ground of prior contradictory statements relative to a vital portion of his testimony.

The record shows that there was ample evidence to support the verdict and we find no reversible trial errors. We are convinced that the appellant had a fair and impartial trial and that is all to which he was entitled.

Judgment is affirmed.